FILED IN OPEN COURT

4.13.2022

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:21-cr-133-TJC-MCR

MONIQUE ELIZABETH CARTER

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, MONIQUE ELIZABETH CARTER, and the attorney for the defendant, Robert Zlatkin, mutually agree as follows:

A.   **Particularized Terms**

1.   **Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Indictment.  Count One charges the defendant with tampering with a consumer product, in violation of 18 U.S.C. § 1365(a).

2.   **Maximum Penalties**

Count One carries a maximum sentence of not more than 10 years' imprisonment, a fine of not more than $250,000, or both fine and imprisonment, a term of supervised release of not more than 3 years, and a mandatory special assessment of $100 due on the date of sentencing.  A violation of the terms and

Defendant's Initials _MC_                          AF Approval _MT_

conditions of supervised release carries a maximum sentence of not more than 2 years imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. **Elements of the Offenses**

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. Specifically:

**Elements of Count One**

One:    the defendant tampered with a consumer product, or its container, that affected interstate commerce; and

Two:    the defendant acted with reckless disregard for the risk that another person would be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to that risk.

4. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the particular conduct that is specifically described in the attached "Factual Basis."

Defendant's Initials *MC*                2

5.   <u>**Acceptance of Responsibility - Three Levels**</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _AMC_                3

B.    **Standard Terms and Conditions**

1.    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _MC_                4

2.    **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials _MC_            5

5.    **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in whichhe has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _mc_                          6

6.   **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States

Defendant's Initials _MC_                    7

Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from her waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any

Defendant's Initials *MC*                    8

discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such

Defendant's Initials _MC_            9

offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _mc_            10

13.     **Certification**

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.


DATED this ___13___ day of ~~January~~ *April* 2022.

ROGER B. HANDBERG
United States Attorney


MONIQUE ELIZABETH CARTER
Defendant

MICHAEL J. COOLICAN
Assistant United States Attorney


ROBERT ZLATKIN
Attorney for Defendant

FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division


Defendant's Initials _____                    11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                  CASE NO. 3:21-cr-133-TJC-MCR

MONIQUE ELIZABETH CARTER

## PERSONALIZATION OF ELEMENTS

**As to Count One:**

      1.    Do you admit that on September 28, 2021, in the Middle District of Florida, you tampered with a consumer product, that is, injectable fentanyl?

      2.    Do you admit and acknowledge that the United States can prove that the injectable fentanyl was manufactured outside of the State of Florida and was shipped in interstate commerce?

      3.    Do you admit that you tampered with the injectable fentanyl with reckless disregard for the risk that another person would be placed in danger of bodily injury and death, and under circumstances manifesting extreme indifference to that risk?

Defendant's Initials _MC_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-133TJC-MCR

MONIQUE ELIZABETH CARTER

## FACTUAL BASIS

The defendant, Monique Carter, is a registered nurse who was employed by a hospital in Jacksonville, Florida.  She worked in a neural intensive care unit or ICU, which is a specialized unit that provides intensive and specialized care to critically ill patients with life-threatening neurological problems who require enhanced monitoring and possibly organ support to sustain life.  Certain ICU patients were prescribed intravenous doses of fentanyl, which is synthetic opioid used as a pain medication and as anesthesia.  The injectable fentanyl used by the hospital was not manufactured in the State of Florida.

After the defendant's shift on September 28, 2021, a hospital pharmacist examined the ICU wing's inventory of fentanyl and found a fentanyl syringe with a tamper-proof cap removed, but with some form of foreign adhesive remaining at the tip.  A second fentanyl syringe had a cap that appeared to have been glued back on. After reviewing hospital records, a pharmacist supervisor noted a pattern of the defendant checking out doses of fentanyl for patients, but then cancelling the

Defendant's Initials _MC_

transactions and checking syringes back into the hospital's inventory.  Records showed that she did so 24 times between August 29 and September 28, 2021.  The defendant was the only nurse on her ICU wing who persistently engaged in such conduct.

On September 29, 2021, upon the defendant's arrival at the hospital for work, hospital representatives interviewed her.  The representatives confronted her with the pharmacists' findings.  In response, she eventually told them that to obtain drugs for personal use at home, she had been removing injectable fentanyl from syringes, replacing the drug with saline, and then gluing the plastic tampering caps back on the syringes with an adhesive that she obtained from the hospital.  She admitted that she had been tampering with fentanyl syringes since the summer of 2021.  According to the defendant, she was self-medicating with fentanyl to combat stress caused by having to care for an injured family member who was a victim of domestic violence. The defendant denied injecting fentanyl while on duty at the hospital.

Also on September 29, the defendant was interviewed by Jacksonville Sheriff's Office detectives and a Special Agent from the U.S. Food and Drug Administration, Office of Criminal Investigations.  During that interview, the defendant admitted that she had a drug problem.  Searching the defendant's bag incident to arrest, the detectives located needles, saline syringes, and the type of adhesive that she previously admitted using to tamper with fentanyl syringes.


Defendant's Initials _~~Mc~~_                2

The defendant is a trained and educated healthcare professional.  As such, she knew that her activities likely resulted in critically ill patients receiving diluted fentanyl, which was not safe and effective.  She also knew that, having been deprived of sterile, medically-necessary medication, such patients were exposed to possible infection and would endure unnecessary pain and suffering.  In addition, she knew that the failure to anesthetize or control pain in ICU patients can result in increased risks of illness or death, stemming from, among other things, respiratory, cardiovascular, and musculoskeletal complications.  Moreover, the defendant knew that by diluting fentanyl, her activities likely resulted in false entries in patent medical records and potentially caused her colleagues to be reluctant to administer additional medication to control pain or to anesthetize a patient.  Further, the defendant knew that intravenous drug users, like her, have a higher risk of, among other things, contracting infections and blood-borne pathogens.  Her drug-use potentially passed those risks on to the ICU patients in her care.

Defendant's Initials *MC*                    3